Filed 6/15/16  P. v. Honaker CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID HONAKER,<br><br>    Defendant and Appellant. | B266246<br><br>(Los Angeles County<br>Super. Ct. No. 5PH03586) |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert M. Kawahara, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Defendant David Honaker appeals from a postjudgment order revoking his parole and sentencing him to 100 days in jail.[1]  Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442, we affirm the order.

## FACTUAL AND PROCEURAL BACKGROUND

Viewed in accordance with the usual rules of appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357) the evidence established defendant was sentenced to 6 years, 8 months in prison following his conviction for burglary in March 2010.[2]  He was released on parole on May 8, 2014.  Defendant was still on parole when he tested positive for methamphetamine on October 27, 2014.  Subsequently, defendant failed to report to his parole officer and the parole officer was unable to locate defendant.  Defendant was arrested for being a parolee-at-large on May 6, 2015.

On May 14, 2015, the Division of Adult Parole Operations (DAPO) filed a Petition for Revocation of Parole (the Petition), which alleged parole violations for: (1) absconding parole supervision and (2) methamphetamine use.  The Petition referenced an attached Parole Violation Report (the Report).

The Report includes a section captioned "Evaluation" and another captioned "Recommendation From Supervising Agency."  In the evaluation section, the Report states:  "Intermediate sanctions have been considered.  However, they have been deemed not appropriate at this time.  Parolee continues to use drugs and participated in criminal activity.  [Defendant] has demonstrated that he is unwilling to be supervised by DAPO.  Agent recommends a referral for revocation."  The recommendation section states the tool used for the recommendation is the "Parole Violation Decision Making Instrument Tool" (PVDMI).  It includes two subsections:  (1) "Instrument Recommended Response

---

[1]  A parole revocation order is appealable as a postjudgment order affecting the defendant's substantial rights.  (*People v. Osorio* (2015) 235 Cal.App.4th 1408, 1412; Pen. Code, § 1237, subd. (b).)

[2]  Defendant had previous convictions for car theft in 2004 (36 months in prison) and first degree burglary in 2005 (6 years, 8 months in prison).

Level" and (2) "California Department of Corrections and Rehabilitation Recommended Response Level." In the "Instrument Recommended Response Level" subsection, the box is checked for "Least to most intensive: continue on parole with remedial sanctions." In the "California Department of Corrections and Rehabilitation Recommended Response Level" subsection, the report recommends defendant be returned to custody for 135 days.

Defendant demurred to the Petition on both procedural and substantive grounds. There were two prongs to his procedural argument. First, defendant argued that under *Osorio, supra*, 235 Cal.App.4th 1408, the Petition did not comply with Penal Code section 3000.08 and California Rules of Court, rule 4.541 because there was no indication that the parole agent's revocation recommendation had been reviewed by a supervisor.[3] Second, the Petition did not adequately explain why "intermediate" sanctions were not appropriate. Substantively, defendant argued there was no showing that intermediate measures were not appropriate.

Defendant's demurer was heard on May 15, 2015. Defendant argued intermediate sanctions were appropriate because, until he stopped reporting following the positive drug test, he was reporting "perfectly" and there were no C.O.P.'s (continued on parole); from the fact that he was not arrested during the time he was not reporting, defendant argued it was reasonable to infer he did not commit any new crimes. The prosecutor countered that absconding "is among the most serious" of parole violations. But for defendant absconding, intermediate sanctions could have been imposed after defendant's positive drug test. But because defendant absconded, DAPO could reasonably conclude intermediate sanctions were not appropriate since defendant "might go back into absconding status overnight and not be able to benefit from supervision and, more importantly, place the entire community at risk of further criminality."

The trial court overruled the demurer. It concluded that, absent a disagreement between a parole agent and his or her supervisor over the recommended sanction, there is

---

**3** The Petition was manually signed by Parole Agent Derick Kennon; the Report was electronically signed by Kevin White both as both the Parole Agent and the Unit Supervisor.

3

no requirement that a petition be signed by the parole agent and his her supervisor; even assuming there was any such requirement, the fact that the Petition and Report were signed by different people was sufficient. Reasoning that the Report states that its recommendation was based on the PVDMI, the trial court found the Petition and attached Report satisfied the requirement for a reasonable explanation as to why intermediate sanctions are not appropriate and it was not necessary to include the full PVDMI analysis in the Petition or Report.

After the trial court overruled the demurer, defendant admitted the absconding and methamphetamine use violations. The trial court revoked defendant's parole and sentenced him to serve 100 days in county jail; it ordered defendant's parole reinstated upon the completion of his jail sentence.

Defendant filed notice of appeal from the order overruling his demurrer to the Petition. Defendant's request for a certificate of probable cause was granted that day.

We appointed separate counsel to represent defendant on appeal. After examination of the record, appointed counsel filed an opening brief which contained an acknowledgment that counsel had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

### DISPOSITION

The order is affirmed.


                                                    RUBIN, J.

WE CONCUR:


        BIGELOW, P. J.                                    GRIMES, J.

4